## LEWIS *et al.* *v.* MULL *et al.*

Where a recognizance is entered into before the clerk and approved by him, and is otherwise in compliance with the statute, it shall have the effect of a judgment confessed.

A bond under seal cannot operate as a judgment confessed, because it is not a recognizance as provided by statute.

ERROR *to Lee District Court.*

*Opinion by* KINNEY, J. Judgment was rendered in this case in the district court against Garry Lewis, whereupon he sued out a writ of error to the supreme court, and entered into a bond, himself as principal, with a number of individuals as sureties, conditioned that said Garry Lewis should prosecute said writ of error to effect and pay all money that might be thereon adjudged against him, and all damages that might be awarded, and otherwise abide the judgment of said court, &c. In such event the recognizance was to be void. In witness whereof the parties set their hands and seals, signed and sealed in due form by the principal and sureties. Dated, the 20th day of February, A. D., 1849. Approved and filed, 22nd day of February, 1849. P. H. Babcock, Clerk. The case came up to the supreme court, whereupon the judgment of the district court was affirmed, and *procedendo* awarded to the court below. Mull for the use of Sutliff, then sued out execution on the bond, the conditions of which we have given above, against the principal and sureties. The execution defendants came into court and filed their motion to quash the execution for the reason that it was improperly issued against said sureties. This motion the court overruled. Upon this ruling error is assigned, which raises the only question for our determination. In support

of the decision below it is contended by counsel for defendant in error, that the instrument given by Lewis and his sureties is a recognizance, and therefore as the conditions of it have not been kept and observed by Lewis that the parties to whom it was given had a right to issue execution upon it without first bringing suit. If the principal and his sureties had entered into such a recognizance as is required by statute in such cases, the position of counsel would be correct.

The statute provides that "no writ of error shall stay or supercede the execution upon any judgment of the district court, unless the party applying for the same, or some responsible person for him, shall enter into recognizance before the clerk of the court where the original judgment was rendered, with sufficient sureties, to be by said clerk approved, in twice the amount of the judgment rendered, conditioned that the plaintiff in error will prosecute such writ with effect," &c.   The following section provides, " that such recognizance shall have the effect of a judgment confessed for the amount of the penalty, and shall be a lien upon the real estate of the recognizees in the county where the same is executed and filed, as ordinary judgments. Laws of 1844, pp. 7, 8, §§ 16, 17.   We do not think that the instrument in this case is a recognizance in contemplation of the statute.   The recognizance must be entered into before the clerk: that is, the parties must appear before that officer, and in his presence sign the recognizance, and then it must be approved by him and filed.   The paper before us appears to have been signed and approved on different days, clearly repelling all presumption that the principal and sureties appeared before the clerk, and entered into it in his presence.   The clerk cannot be presumed to be acquainted with the signatures of those whose names appear to such instrument, and hence the safety of the party, to whom such obligations are payable, requires that

the sureties shall sign the recognizance in the presence of the clerk, otherwise the door is opened for fraud to those who are base enough to resort to forgery for the purpose of superseding execution upon judgments obtained in the district court. It is plain, we think, from the language of the statute, that the legislature never intended that the recognizance should be signed out of doors, and then brought before the clerk for his approval. It is inconsistent with the legal signification of the obligation, that it should be entered into in any other manner than before a judicial officer. A recognizance is defined to be an acknowledgment, before some judicial officer, of a previous indebtedness. The statute has so far changed the common law upon this subject, as to permit it to be entered into upon a piece of paper, as is evident from the word "filed," instead of making it a matter of record. If it was not for this word "filed," nothing less than an acknowledgment of indebtedness, with the usual conditions entered of record before a judicial officer, would be a recognizance. But so far as to permit the recognizance to be written out and signed by the parties, and filed by the clerk, we are permitted by the statute to depart from the common law, but no farther. The instrument in this case, is in no sense a recognizance. The date of its execution and approval, upon different days, is not the only evidence against it, but it is in the usual form of a bond, and sealed by the parties making it. True, it is called a recognizance, but this is a misnomer, and cannot make it anything different from what it really is. In various decisions made by this court, we have kept up the distinction between bonds and recognizances, and one important distinction is that while the former are, and must of necessity be, under seal, the latter are not and need not be sealed by the parties making them.

As the instrument in this case is not a recognizance, it could not have the effect of a judgment confessed, or operate as a lien upon the property of those who signed it, and

hence the party had no right to sue out an execution, and the motion to quash should have been sustained.

Judgment reversed.

*J. C. Hall,* for plaintiff in error.

*L. R. Reeves,* for defendants.